THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALDER HOLDINGS, LLC<br><br>               Plaintiff,<br><br>v.<br><br>TITANIUM, LLC,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [31] PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b)(1)**<br><br>Case No. 2:20-CV-00783-DBB-CMR<br><br>District Judge David Barlow |

On October 5, 2020, Alder Holdings, LLC ("Alder") filed this suit in Utah state court against Titanium, LLC ("Titanium") for breach of contract and for violations of the federal Lanham Act.[1] Titanium removed the case to federal court, pursuant to this court's federal question jurisdiction.[2] Thereafter, Titanium filed an Answer and counterclaims against Alder.[3] Alder then answered Titanium's counterclaims.[4]

On April 20, 2023, counsel for Titanium moved to withdraw as counsel, citing an inability to communicate with Titanium.[5] The court granted the Motion to Withdraw on April 21, and made note of local rules prohibiting an entity from appearing pro se.[6] After no new counsel for Titanium made an appearance, the court ordered Titanium to show cause why a default

---

[1] Compl., ECF No. 2-1.
[2] Notice of Removal of Action to United States District Court, ECF No. 2.
[3] Answer to Compl. & Counterclaim and Demand for Jury, ECF No. 8.
[4] Alder Holdings, LLC's Answer to Titanium, LLC's Counterclaim, ECF No. 14.
[5] Mot. for Withdrawal of Counsel, ECF No. 26.
[6] ECF No. 27.

should not be entered against it under Federal Rule of Civil Procedure 16(f)(1)(C).[7] On July 31, Alder moved for entry of default,[8] and on August 3, the court entered a default certificate.[9]

Alder now moves for entry of default judgment as to Titanium under Rule 55(b)(1).[10] Under Rule 55(b)(1):

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.[11]

The court's local rules provide that if default judgment is not appropriate under Rule 55(b)(1), the motion "will be addressed by the presiding judge."[12] Since the court finds that default is not appropriate under Rule 55(b)(1), it addresses this Motion. Titanium was not defaulted "for not appearing," but rather, had entered an appearance, and was defaulted for failing to comply with the court's pretrial order.

Next, the sum is not sufficiently certain. "To be a 'sum certain' there must be no doubt as to the amount that must be awarded."[13] "A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages."[14] Alder states that Titanium owes it $1,120,000, and argues that this sum is sufficiently certain and can be computed by the clerk of the court.[15] However, Alder's only support for this sum is a conclusory affidavit filed by Mr.

---

[7] ECF No. 28. Rule 16(f)(1)(C) incorporates Rule 37(b)(2)(A) and permits the court to issue an order rendering default judgment if a party fails to obey any pretrial order.
[8] Mot. for Entry of Default, ECF No. 29.
[9] Default Certificate, ECF No. 30.
[10] Mot. for Default J. under Fed. R. Civ. P. 55(b)(1), ECF No. 31.
[11] Fed. R. Civ. P. 55(b)(1); *see also* DUCivR 55-1(b)(1).
[12] DUCivR 55-1(b)(1)(B).
[13] *Garcia Gutierrez v. Puentes*, 437 F.Supp.3d 1035, 1039 (D.N.M. 2020) (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 376 F.3d 922, 928–29 (9th Cir. 2004).
[14] *Id.*
[15] *Id.* 2.

Kyle DeMordaunt, the chief financial officer of Alder.[16] Mr. DeMordaunt states, and the complaint alleges, that the parties had a contract that provided for $10,000 in liquidated damages for each customer of either party that switches to the services provided by the other.[17] Both Mr. DeMordaunt and the Complaint allege that 112 of Alder's customers switched to Titanium.[18] Without a copy of the contract providing for liquidated damages, and without sufficient evidence of 112 customers switching to Titanium from Alder triggering the contractual provision, the clerk of the court may not enter default judgment under Rule 55(b)(1).

## ORDER

Accordingly, Alder's Motion is DENIED. Alder may refile, under Rule 55(b)(2), after curing the evidentiary defects identified in this Order.

Signed October 2, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[16] *Id.* Exh. A.
[17] *Id.* Exh. A, ¶ 3; Compl. ¶¶ 29–30.
[18] Mot. for Default J., Exh. A ¶ 4; Compl. ¶¶ 37–154.