THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TITANIUM, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [34] PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00783-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Alder Holdings, LLC's ("Alder") motion for default judgment against Defendant Titanium, LLC ("Titanium").[1] For the following reasons, the court grants Alder's motion.

## BACKGROUND

On October 5, 2020, Alder filed suit in Utah state court against Titanium, alleging breach of contract and violations of the federal Lanham Act.[2] The Complaint alleges that both Alder and Titanium are in the business of selling home security systems.[3] Following a pair of lawsuits in Utah state court, Alder and Titanium entered into a Mutual Noncompetition, Nonsolicitation and Sales Practices Agreement ("Agreement") that prohibited each party from soliciting sales from or making sales to the other's customers, or making false and misleading statements about the

---

[1] Pl.'s Mot. for Default Judgment Under Fed. R. Civ. P. 55(b)(2) ("Pl.'s Mot."), ECF No. 34.
[2] Compl. ¶¶ 155–166, ECF No. 2-1.
[3] Id. ¶¶ 5–6; see also Mutual Noncompetition, Nonsolicitation and Sales Practices Agreement ("Agreement"), ECF No. 34 Ex. 1.A.

1

other.[4] The Agreement provides for $10,000 for each violation of the non-solicitation clause that results in a customer of one party switching services to the other party.[5] The Complaint alleges that 110 of Alder's customers switched to Titanium after the Agreement went into effect.[6] This allegation was based on a report prepared by a third party, which compared the customer databases of Alder and Titanium.[7]

Titanium removed this case from state court on November 4, 2020,[8] and thereafter filed its Answer and counterclaims.[9] However, in April 2023, counsel for Titanium withdrew.[10] Because local rules prohibit an entity defendant from appearing pro se,[11] the court ordered Titanium to show cause why it should not be defaulted under Federal Rule of Civil Procedure 16(f)(1)(C).[12] Titanium did not respond. On August 3, the court entered a default certificate.[13] Then, on September 1, Alder moved for default judgment under Rule 55(b)(1).[14] However, in support, Alder provided only a declaration from its Chief Financial Officer stating his conclusions that Titanium had caused 112 of Alder's customers to switch services.[15] Alder also did not provide the court with the Agreement. The court denied this motion without prejudice.[16] Specifically, the court held that Rule 55(b)(1) was not the appropriate mechanism for entry of

---

[4] Compl. ¶¶ 21–27; Agreement ¶ 1.1.
[5] Compl. ¶ 29; Agreement ¶ 1.2.
[6] Compl. ¶¶ 44–154; *see also* List of Customers, ECF No. 34 Ex. 1.B.
[7] *Id.* ¶ 36.
[8] Notice of Removal of Action to United States District Court, ECF No. 2.
[9] Answer to Compl. & Counterclaim and Demand for Jury, ECF No. 8.
[10] *See* Order Granting [26] Motion to Withdraw as Counsel, ECF No. 27.
[11] *See* DUCivR 83-1.3(c)(2).
[12] Order to Show Cause, ECF No. 28. Rule 16(f)(1)(C) incorporates Rule 37(b)(2)(A) and permits the court to issue an order rendering default judgment if a party fails to obey any pretrial order.
[13] Default Certificate, ECF No. 30.
[14] Mot. for Default Judgment Under Fed. R. Civ. P. 55(b)(1), ECF No. 31.
[15] Decl. of Kyle DeMordaunt ("DeMordaunt Decl."), ECF No. 31 Ex. 1.
[16] Mem. Decision and Order Denying [31] Plaintiff's Mot. for Default Judgment Under Fed. R. Civ. P. 55(b)(1), ECF No. 32.

2

default in this case, largely because the amount sought was not sufficiently certain.[17] Now, Alder moves for default judgment under Rule 55(b)(2).[18] It supports its motion with a copy of the Agreement,[19] a full list of customers alleged to have switched to Titanium,[20] and a declaration from its Director of Loyalty that suggests at least 19 customers informed Alder that Titanium had solicited them and that they had switched to Titanium as a result.[21] Titanium did not file a response to Alder's motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 55(b)(2), when the plaintiff's claim is not for a sum certain,

> [T]he party must apply to the court for a default judgment. . . . If the party against whom default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.[22]

District courts have "broad discretion in deciding a default judgment question."[23] In order for the court to enter a default judgment, it must have subject matter jurisdiction, personal jurisdiction

---

[17] *See id.* 2–3.
[18] Pl.'s Mot.
[19] Agreement.
[20] List of Customers.
[21] *See* Decl. of Michael Bingham ("Bingham Decl."), ECF No. 34 Ex. 1.
[22] Fed. R. Civ. P. 55(b)(2).
[23] *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *accord Gomes v. Williams*, 420 F.2d 1364, 1367 (10th Cir. 1970); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

over the party being defaulted, and the unchallenged facts must state a legitimate cause of action.[24]

First, the court has federal question jurisdiction in this case[25] because the Complaint alleges a claim based on the Lanham Act.[26]

Second, the court has personal jurisdiction over Titanium through consent. A party may expressly consent to personal jurisdiction through entry into a contract containing a forum selection clause.[27] Here, the parties had entered into such a contract.[28] In addition, a party may impliedly consent to personal jurisdiction through its participation in litigation and may waive the defense of personal jurisdiction through failure to raise the issue in a responsive pleading or a motion to dismiss.[29] Titanium filed an Answer in this case and did not raise the defense of lack of personal jurisdiction.[30] Likewise, Titanium filed counterclaims[31] and participated in various discovery proceedings.[32] These circumstances are sufficient to establish implied consent.

---

[24] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008)) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (3d ed. 1998)); *Dennis Garberg*, 115 F.3d at 771–72.
[25] *See* 28 U.S.C. § 1331.
[26] *See* Compl. ¶¶ 159–66.
[27] *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964).
[28] Agreement ¶ 5.11 ("All disputes and controversies arising out of, relating to, or in connection with this Agreement or the transactions contemplated hereby shall be resolved exclusively by the state and federal courts located in Salt Lake County in the State of Utah, and each Party hereto agrees to submit to the jurisdiction of said courts[.]").
[29] *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982); *see also, e.g.*, Fed. R. Civ. P. 12(h); *Gerber v. Riordan*, 649 F.3d 514, 519–20 (6th Cir. 2011); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999) (holding that defendant's participated in pretrial proceedings for four years forfeited personal jurisdiction defense); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) ("To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."). *But see Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131–32 (3d Cir. 2020) (observing that several circuits have held that removal to federal court does not constitute a waiver of personal jurisdiction).
[30] *See* Answer & Counterclaims.
[31] *See id.*
[32] *See* ECF Nos. 15–25.

Third, the unchallenged facts proffered by Alder state a legitimate cause of action for breach of contract. Under Utah law, the elements for a breach of contract are: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[33] Here, the parties entered into an enforceable contract. "Generally, formation of a contract requires an offer, an acceptance, and consideration."[34] The record before the court establishes that these elements are met. In addition, in the context of a non-solicitation agreement between an employer and employee, the Utah Supreme Court has required a showing that such agreements were negotiated in good faith, were necessary to protect the company's good will, and reasonably limited in time and geographic area.[35] No Utah caselaw suggests that these limitations apply to such contracts between competitors.[36] There is nothing in the record that suggests that the Agreement is invalid or unenforceable.[37] Next, the unrebutted allegations of the Complaint and the declarations submitted to the court are sufficient to find that Titanium breached the non-solicitation clause.[38] Finally, the breaches coupled with the liquidated damages clause establish the damages element.[39] And there is nothing to suggest that the liquidated

---

[33] *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, *abrogated on other grounds as recognized in A.S. v. R.S.*, 2017 UT 77, 416 P.3d 465.
[34] *Cea v. Hoffman*, 2012 UT App 101, ¶ 24, 276 P.3d 1178.
[35] *See TruGreen Companies, LLC v. Mower Brothers, Inc.*, 2008 UT 81, ¶ 11 199 P.3d 929 (citing *Allen v. Rose Park Pharma.*, 237 P.2d 823, 828 (Utah 1951)).
[36] The Utah Supreme Court has justified the additional requirements for non-solicitation agreements in the employment context on both the possible variance in bargaining power and that the harm sought to be protected against is an employee departing with the employer's customers. *See Allen*, 827–28. Neither public policy consideration is present between competitors.
[37] *Cf.* Answer & Counterclaims (listing a defense that the contract is void and unenforceable).
[38] *See* Compl. ¶¶ 44–154; DeMordaunt Decl. ¶ 4; Bingham Decl. ¶¶ 7–9.
[39] *See* sources cited *supra* note 38; Agreement ¶ 1.2

damages clause is unenforceable.[40] Thus, the undisputed record before the court establishes a breach of contract claim.

Therefore, the court turns to the damages calculation in this case. The Agreement provides for $10,000 in liquidated damages for each customer Titanium caused to change services through its solicitation.[41] Alder initially alleged that over 100 customers had hired Titanium as a result of Titanium's solicitation.[42] But this allegation was based only upon a comparison of customer databases; it does not show that Titanium actually solicited each of these customers.[43] Indeed, Alder presents a declaration that only 19 customers have actually informed Alder that a Titanium representative solicited their service.[44] Accordingly, damages for these 19 customers have been sufficiently established.

## ORDER

For the forgoing reasons, the court GRANTS Alder's motion.[45] Alder has sufficiently shown damages for 19 customers, for a total of $190,000 in damages.

Signed May 24, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[40] *Cf. Com Real Est. Inv., L.C. v. Comcast of Utah II, Inc.*, 2012 UT 49, ¶ 40, 285 P.3d 1193 ("[W]e clarify that liquidated damages clauses are not subject to any form of heightened judicial scrutiny. Instead, courts should begin with the longstanding presumption that liquidated damages clauses are enforceable. A party may challenge the enforceability of a liquidated damages clause only by pursuing one of the general contractual remedies, such as mistake, fraud, duress, or unconscionability." (citations omitted)).
[41] Agreement ¶ 1.2.
[42] Compl. ¶¶ 44–154; *see also* List of Customers.
[43] *Cf. id.* ¶ 37.
[44] *See* Bingham Decl. ¶ 9.
[45] ECF No. 34.